WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorene O. Zozaya,<br><br>             Plaintiff,<br><br>v.<br><br>State of Arizona; James Tidwell; et al.,<br><br>             Defendants. | No.  CV12-1932 PHX DGC<br><br>**ORDER** |

Before the Court is the motion to dismiss filed by Defendants James Tidwell and Karen Tidwell (Doc. 36) and the motion for partial judgment on the pleadings filed by Defendant the State of Arizona (Doc. 42). The motion to dismiss is fully briefed.[1] The Parties have not requested oral argument. For reasons stated below, the Court will grant in part and deny in part the Tidwells' motion, and grant the State's motion.

**I.    Background.**

Plaintiff's claims arise from incidents that occurred when Defendant James Tidwell was Plaintiff's supervisor at the Arizona Department of Transportation. Doc. 1, ¶¶ 10, 12, 17. The complaint alleges that Tidwell made repeated and unwelcome sexual comments and demands for sexual favors (*id.*, ¶¶ 13, 15, 16), and that he told Plaintiff

---

[1] The motion for partial judgment on the pleadings is not fully briefed. The Court finds, however, that further briefing will not aid its decision regarding the State's assertion of its Eleventh Amendment immunity with respect to one claim. "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark,* 714 F.2d 77, 78 (9th Cir.1983) (citing *Mansfield, C. & L. M. Ry. Co. v. Swan,* 111 U.S. 379, 382 (1884)); *see also Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("The Eleventh Amendment is a limit on federal courts' jurisdiction.").

that her rejection of these demands would result in unfavorable employment treatment (*id.*, ¶ 14). The complaint alleges that Tidwell made unwelcome physical sexual contact with Plaintiff in the workplace and during working hours. *Id.*, ¶ 15. The complaint alleges that Tidwell repeatedly subjected Plaintiff to offensive comments about her race and age. *Id*. The complaint alleges that other State managing agents knew about Tidwell's treatment of Plaintiff, and that no one took action to stop it. *Id.*, ¶¶ 18-19.

## II. The Tidwells' Motion to Dismiss.

### A. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts pled allow the court to make the reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

### B. Discussion.

#### 1. Counts One through Five: Title VII and the ADEA.

The Tidwells move to dismiss counts one through five, claims based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, 2000e-3 and the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. Doc. 36 at 3. In response, Plaintiff concedes that the claims against the defendants Tidwell are limited to those asserted under 42 U.S.C. § 1983. Doc. 40 at 3-4; *see also id.*, at 4, n. 16 ("None of the counts One to Five were intended to be, or are asserted against the defendants'

Tidwell."). Accordingly, the Court grants the Tidwells' motion with respect to counts one through five.

### 2. Count Six: Equal Protection Violation under § 1983.

Count six asserts a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause. Doc. 1, ¶¶ 39-41. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). The Court must consider whether the complaint alleges conduct that violates the Fourteenth Amendment. *See Alaska v. EEOC*, 564 F.3d 1062, 1068 (9th Cir. 2009).

"[S]exual harassment of a governmental employee can violate the Equal Protection Clause[.]" *Id.*; *see also Bator v. Hawaii*, 39 F.3d 1021, 1027 (9th Cir. 1994) (noting that allegations of persistent and unwelcome physical and verbal abuse motivated by gender can state a claim of sexual harassment, "which can be impermissible sex discrimination in violation of the Equal Protection Clause." (citing *Lindsey v. Shalmy*, 29 F.3d 1382, 1385-86 (9th Cir. 1994); *Sischo-Nownejad v. Merced Comty. Coll. Dist.*, 934 F.2d 1104, 1109, 1112-13 (9th Cir. 1991))). Plaintiff alleges that Tidwell made unwelcome "sexual comments" (Doc. 1, ¶ 15) and "repeated demands for sexual favors" (*id.*, ¶ 13), which, if rejected, "would result in unfavorable treatment" at work (*id.*, ¶ 14). This alleged conduct, if true, would constitute intentional sexual discrimination in violation of the Equal Protection Clause.[2]

---

[2] In her response, Plaintiff refers to Title VII and cites Title VII cases in support of her argument that the complaint alleges a plausible § 1983 claim. Doc. 40 at 5-7. "Violations of rights *created* by Title VII cannot form the basis of section 1983 claims." *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988) (emphasis in original). For this reason, the Court has construed the complaint as alleging a § 1983 sexual

1 The Tidwells argue that the complaint fails to allege that Tidwell acted under the color of state law. Doc. 36 at 5. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988). The complaint alleges that Tidwell "was a managing agent of the defendant State of Arizona" (Doc. 1, ¶ 17), that Tidwell was "[Plaintiff's] supervisor or acted with the authority of her supervisor/ management official" (*id.*, ¶ 12), and that Tidwell abused his authority in sexually harassing Plaintiff (*id.*, ¶ 14). Although the complaint alleges that Tidwell abused his state law authority, it is enough that the challenged conduct relates to the performance of his supervisory duties. *West*, 487 U.S. at 49-50 ("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State."); *see also Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir. 1991) ("For conduct to relate to state authority, it must bear some similarity to the nature of the powers and duties assigned to the defendant[].") (citations omitted)); *Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2001). Because Tidwell's alleged state supervisory authority enabled him to accomplish the offensive acts, this element of Plaintiff's § 1983 claim is satisfied.

Throughout their motion, the Tidwells generally argue that Plaintiff's complaint is "too vague and conclusory" to state a claim (Doc. 36 at 4, 6), "fails to identify any specific comments allegedly made by Tidwell" (*id.* at 5), and "offers no specifics" (*id.*). The Court finds these arguments unpersuasive. Notice pleading does not require specific facts, *Erickson*, 552 U.S. at 93-94, and Plaintiff's complaint gives fair notice that the claim rests upon Tidwell's alleged sexual harassment: sexual comments and demands for sexual favors, the rejection of which resulted in unfavorable employment treatment. Doc. 1, ¶¶ 13-16. These allegations state a plausible § 1983 claim. Accordingly, the

---

harassment claim based on purported violations of the Equal Protection Clause and not Title VII.

Court denies the Tidwells' motion with respect to count six.

### 3. Qualified Immunity.

The Tidwells argue that they are entitled to qualified immunity. Doc. 36 at 5. A defendant is entitled to qualified immunity if his or her conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity involves two inquiries: whether the facts alleged or shown by the plaintiff establish a constitutional violation, and whether the right at issue was clearly established at the time, *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *see also Pearson v. Callahan,* 555 U.S. 223, 235-42 (2009) (noting that courts have discretion as to which inquiry to address first).

As to the first prong, the Tidwells argue that Plaintiff has not alleged an Equal Protection violation. The Court disagrees. Sexual harassment can constitute an Equal Protection violation, *see Alaska*, 564 F.3d at 1068, and the Court found above that the complaint clearly alleges sexual harassment. Next, the Tidwells argue that there is no clearly established law governing "the contours of the right" to be free from discrimination in public employment, and specifically that there is no clear law that "verbal harassment in a government workplace violates equal protection," or "that age discrimination or retaliation in public employment is a violation." Doc. 36 at 6. Again, the right to be free from sexual harassment in public employment is clear. *See Alaska*, 564 F.3d at 1068; *see also Flores v. Pierce*, 617 F.2d 1386, 1392 (9th Cir. 1980) ("The constitutional right to be free from such invidious discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it."). In light of this case law and Plaintiff's allegations, the Tidwells are not entitled to qualified immunity at this stage.

### III. Motion for Partial Judgment on the Pleadings.

The State argues that Plaintiff's ADEA claim (count four) is barred by the Eleventh Amendment to the United States Constitution. Doc. 42 at 3. "Under the Eleventh Amendment, a state is immune from suit under state or federal law by private

parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Mitchell*, 209 F.3d 1111, 1115-16 (9th Cir. 2000) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-71 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64-68 (1996)). The State contends that it has not waived its Eleventh Amendment immunity and that Congress has not abrogated it under the ADEA. Doc. 42 at 2-3. The Court agrees. The State's answer and this motion assert the Eleventh Amendment (Doc. 9 at 3; Doc. 42 at 3), and Congress did not abrogate states' Eleventh Amendment immunity through the enactment of the ADEA, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 78-83 (2000); *see also Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 834 (9th Cir. 2000) ("[*Kimmel*] held that on account of Eleventh Amendment immunity the states cannot be compelled to submit to the jurisdiction of the federal courts in [ADEA] suits."). As a result, the Court must dismiss Plaintiff's ADEA claim against the State.

**IT IS ORDERED:**

1. The Tidwells' motion to dismiss (Doc. 36) is **granted** with respect to counts one through five, and **denied** with respect to count 6.
2. The State's motion for partial judgment on the pleadings (Doc. 42) is **granted**.

Dated this 21st day of May, 2013.

_____
David G. Campbell
United States District Judge